IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEVON JACKSON,

    Plaintiff,

v.                    ORDER

DEBRA GEMPELER, ANTHONY MELI     09-cv-602-slc
and JOHN O'DONOVAN,

    Defendants.

---

  Defendants have responded to this court's October 13, 2010 order directing them to show cause why summary judgment should not be granted to plaintiff Jevon Jackson on his claim that defendants disciplined him for confessing violent thoughts, in violation of the First Amendment. *See* dkt. 43. Defendants have persuaded me that triable issues may remain on the question whether defendants honestly believed that plaintiff was threatening his cell mate. *Cf. Everroad v. Scott Truck Systems, Inc.*, 604 F.3d 471, 478 (7th Cir. 2010) (defendants not liable for discrimination "[s]o long as they genuinely believed in the truth of their stated [nondiscrimninatory] reason for the decision").

  Because a trial is necessary, I conclude that appointment of counsel for plaintiff is appropriate as well. This case may well be won or lost during cross examination of both sides' witnesses. *Pruitt v. Mote*, 503 F.3d 647, 660 (7th Cir. 2007) (in concluding that district court should have appointed counsel, noting that trial was "a swearing contest" and that "fending for himself before and at trial severely compromised [the plaintiff's] chances of persuading the jury, given his serious educational and forensic shortcomings"). Particularly because there is evidence in the record that plaintiff has mental health concerns, a lawyer may be necessary to insure a fair trial.

Accordingly, I am staying further proceedings in this case until the court finds a lawyer willing to represent plaintiff. A lawyer accepting appointments in cases such as this take on the representation with no guarantee of compensation for his or her work.

Plaintiff should be aware that once he has a lawyer, the court no longer will communicate directly with plaintiff about matters pertaining to this case, and plaintiff no longer may communicate directly with the court. Instead, plaintiff will communicate directly with his lawyer about any concerns, and then must allow the lawyer to exercise his or her professional judgment to determine which matters are appropriate to bring to the court's attention and how to do so.

One other matter is before the court: plaintiff has written to the court to report that he did not receive one of defendants' filings and did not learn of it until the court mentioned it in the October 13 order. *See* dkt. 42. Defendants have not responded to the letter, but a review of the record shows that they certified service. *See* dkt. 38. Although it is not clear what happened to the document, the court asks counsel for defendants to look into the matter to ensure that plaintiff is in fact receiving all the documents related to this case, at least until a lawyer takes over.

ORDER

It is ORDERED that:

1. Further proceedings in this case are STAYED pending appointment of counsel for plaintiff. When the court finds counsel willing to represent plaintiff, the court will advise the parties and set a telephonic status conference to set a new schedule.

2. Counsel for defendants may have until November 15, 2010 to investigate plaintiff's complaint of non-service and report to the court what, if anything it learned.

Entered this 29th day of October, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge